**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **CHRIS COMPTON,** on behalf of himself and others similarly situated**,** | : | **CASE NO. 3:20-cv-420** |
| | : | |
| **Plaintiff,** | : | **JUDGE** |
| | : | |
| v. | : | **MAGISTRATE JUDGE** |
| | : | |
| **EVERYDAY TECHNOLOGIES, INC.,** | : | **JURY DEMAND INCLUDED HEREON** |
| | : | |
| **Defendant.** | : | |
| | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now come Plaintiff Chris Compton (hereinafter as "Plaintiff," "Named Plaintiff," or "Compton"), individually and on behalf of other members of the general public similarly situated, for his Complaint against Everyday Technologies, Inc. ("Defendant" or "ET") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws") (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct,

Defendant's own business records, and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, ET has its principal place of business and/or ET otherwise conducted substantial business in the Southern District of Ohio.

## II. FACTUAL ALLEGATIONS

### A. Named Plaintiff

4. Compton is an individual, United States citizen, and resident of this judicial district.

5. Compton worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily in a maintenance position beginning in or around August, 2017 until approximately August, 2020.

6. At all times relevant, Compton primarily performed non-exempt duties for Defendant.

7. Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the

FLSA. Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**B. Defendant**

8. At all times relevant, ET is a domestic for-profit corporation authorized to do business in Ohio and conducts business in this judicial district. ET fabricates and designs steel, stainless and aluminum parts at three locations in this judicial district.

9. As a result, at all times relevant, ET is/was at all times an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Plaintiff and those similarly situated as described herein.

10. Upon information and belief, Defendant operated/operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with federal and state wage and overtime laws.

### III. COLLECTIVE AND CLASS ACTION ALLEGATIONS

**(Failure to Pay for Time Spent Working Prior to Scheduled Start of Shifts)**

12. Defendant has a policy whereby it only compensates its employees for their scheduled shifts rather than for all of the time it suffered or permitted its employees to work for several reasons.

13. When Plaintiff and similarly situated employees arrived at their respective worksites, they clock in and begin job duties which are integral and indispensable to their work.

14. Once Plaintiff arrived, he clocked in and began performing his maintenance duties, including completing computer work, administrative tasks, setting up for the day, and other preparatory duties to ensure that there were no impediments to production beginning promptly as scheduled. Plaintiff's duties prior to the scheduled start of his shift were the first principal activities he performed each day. Once production employees arrived, they donned necessary and required personal protective equipment ("PPE"). The PPE is required for employees to perform their job duties and to encourage workplace safety. Donning PPE is the first principal activity performed by production employees for each workday (hereinafter all of ET's hourly, non-exempt maintenance and production employees collectively hereinafter "Timeclock Associates").

15. During relevant times, Defendant suffered and permitted Plaintiff and those similarly situated Timeclock Associates to work more than forty (40) hours in one or more workweeks, while not fully compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate of pay, at a minimum, as a result of Defendant's policy or practice of paying the Timeclock Associates generally[1] only for their scheduled shift rather than the actual amount of compensable time working each workweek ("Pay-to-Shift Policy").

16. Plaintiff regularly observed other similarly situated Timeclock Associates arrive prior to the scheduled start of their shifts, clock in, and begin working.

---

[1] Except as otherwise explained herein.

17. Nevertheless, ET's Pay-to-Shift Policy results in its failure to pay Plaintiff and similarly situated Timeclock Associates for work performed prior to the scheduled start of their shifts.

**(Failure to Pay for Interrupted or Missed Meal Breaks)**

18. Defendant automatically deducts 0.5 hours from Plaintiff's and Defendant's other hourly Timeclock Associates' compensable hours on each shift for a meal break, regardless of whether Plaintiff and Defendant's other hourly Timeclock Associates took an uninterrupted 0.5-hour meal break.

19. Plaintiff and Defendant's other hourly Timeclock Associates are regularly unable to take a meal break due to work requirements. At other times, when Plaintiff and Defendant's other hourly Timeclock Associates attempt to take a meal break, the meal break is interrupted or cut short for work purposes.

20. Plaintiff and Defendant's other hourly Timeclock Associates informed Defendant that they were unable to take a meal break and requested that the automatic meal deduction be removed from their pay. Nevertheless, Defendant's managers regularly refused to remove the meal deduction. At other times, although employees were told that Defendant would remove the deduction, the deductions were not removed.

**(Failure to Pay for Time Spent Working After the Scheduled End of Shifts)**

21. Plaintiff and Defendant's other hourly Timeclock Associates often continue performing work beyond the scheduled end of their shifts.

22. Despite Plaintiff and Defendant's other hourly Timeclock Associates working beyond the scheduled end of their shifts, they are not paid for all such work.

23. Upon information and belief, Defendant does not begin compensating Plaintiff and Defendant's other hourly Timeclock Associates for their post-shift work unless and until they work at least 15 minutes after the scheduled end of their shifts. Thus, the Pay-to-Shift Policy applies when employees work 14 or fewer minutes.

24. Even after Plaintiff and Defendant's other hourly Timeclock Associates work 15 or more minutes, Defendant regularly and systematically rounds their time worked down in an unlawful and non-neutral manner to Defendant's benefit.

25. Defendant's polices and/or practices of undercompensating employees as described above rather than for all of the time they are working apply to all of its hourly, non-exempt Timeclock Associates.

26. Defendant arbitrarily failed to count this work performed by Plaintiff and Defendant's other hourly Timeclock Associates as "hours worked." Instead, Defendant generally only counted "hours worked" as the scheduled shifts rather than for all of the time spent working on behalf of Defendant.

27. Defendant is in possession and control of necessary documents and information from which Plaintiff and Defendant's other hourly Timeclock Associates would be able to calculate their on-the-clock damages.

28. This unpaid work performed by Plaintiff and Defendant's other hourly Timeclock Associates was practically ascertainable to Defendant.

29. This unpaid work performed by Plaintiff and Defendant's other hourly Timeclock Associates constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

30. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and Defendant's other hourly Timeclock Associates.

31. Defendant knowingly and willfully failed to pay Plaintiff and Defendant's other hourly Timeclock Associates for time spent working as described herein.

32. As a result of Defendant's common policies and/or practices of only compensating its employees as described herein rather than for all of the time spent working, Plaintiff and Defendant's other hourly Timeclock Associates have not been paid for all hours worked, resulting in overtime damages in one or more workweeks when they worked at least 40 hours during their employment.

33. Upon information and belief, for the three years preceding this Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt Timeclock Associates, including Named Plaintiff.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

34. Plaintiff brings Count One of the action, pursuant to 29 U.S.C. § 216(b), on behalf of himself behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

35. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All current and former hourly, non-exempt Timeclock Associates of Defendant who was scheduled to work at least 40 hours of work in any workweek beginning three years preceding the filing of this Complaint and continuing through the date of judgment. (the "FLSA Collective" or the "FLSA Collective Members").

36. Plaintiff is unable to presently state the exact size of the potential class, but upon information and belief aver that it consists of several hundred individuals.

37. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former Timeclock Associates are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other Timeclock Associates and is acting on behalf of their interests, as well as his own, in bringing this action.

38. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

39. Plaintiff bring his Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> All current and former hourly, non-exempt production Timeclock Associates of Defendant who was scheduled to work at least 40 hours of work in any workweek beginning two years preceding the filing of this Complaint and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

40. The Rule 23 Class includes all production associates employed by Defendant who worked in the State of Ohio during the relevant time period above.

41. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

42. Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

43. Plaintiff will fairly and adequately represent the interests of all members of the Rule 23 Class.

44. Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

45. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

46. Questions of law and fact are common to the Rule 23 Class.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt Timeclock Associates.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records

of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

51. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.     CAUSES OF ACTION**

**COUNT I**
**(29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

54. Defendant's practice and policy of not paying Plaintiff and FLSA Collective Members for work performed as described herein violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

55. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and FLSA Collective Members violated the FLSA, 29 CFR 516.2(a)(7).

56. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

57. As a result of Defendant's practices and policies, Plaintiff and FLSA Collective Members have been damaged in that they have not received wages due to them pursuant to the FLSA.

58. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

59. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, and the FLSA Collective Members.

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under Ohio law.

62. Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

63. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section

7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. While employed by Defendant, Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not fully paid overtime wages for all such hours spent working as outlined above.

65. As a result of Defendant's company-wide corporate policies, it failed to pay Plaintiff and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

66. Plaintiff and the Rule 23 Class were not exempt from the wage protections of Ohio law.

67. Defendant's repeated, knowing failure to pay overtime wages to the Plaintiff and the Rule 23 Class Members were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiff and the Rule 23 Class Members are entitled.

68. For Defendant's violations of O.R.C. §4111.03, Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. Plaintiff and the Rule 23 Class Members have been employed by Defendant.

71. During relevant times, Defendant was an entity covered by the OPPA and Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

72. The OPPA requires that the Defendant pay Plaintiff and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. During relevant times, Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

74. Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

75. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (VIOLATIONS OF OHIO'S RECORDKEEPING LAWS)

76. All of the preceding paragraphs are realleged as if fully rewritten herein.

77. Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

78. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio's Recordkeeping laws.

79. Plaintiff and the Rule 23 Class Members were covered employees entitled to the protection of Ohio's Recordkeeping laws.

80. During times material to this complaint, Defendant violated Ohio's Recordkeeping laws with respect to Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

81. In violating Ohio's Recordkeeping laws, Defendant acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiff, the FLSA Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

G. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective Members during the applicable statutory period under the FLSA and continuing through trial;

H. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective Members and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

I. Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

J. Awarding Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

K. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of Ohio Law;

L. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

M. Leave to add additional plaintiffs;

N. Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

O. Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **BRYANT LEGAL, LLC** |
|---|---|
| */s/ Matthew J.P. Coffman*  <br>Matthew J.P. Coffman (0085586)  <br>1550 Old Henderson Road  <br>Suite 126  <br>Columbus, Ohio 43220  <br>Phone: 614-949-1181  <br>Fax: 614-386-9964  <br>Email: mcoffman@mcoffmanlegal.com | */s/ Daniel I. Bryant*  <br>Daniel I. Bryant (0090859)  <br>1550 Old Henderson Road  <br>Suite 126  <br>Columbus, Ohio 43220  <br>Phone: 614-704-0546  <br>Fax: 614-573-9826  <br>Email: dbryant@bryantlegalllc.com |

*Attorneys for Named Plaintiff and those similarly situated*

### JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*  
Matthew J.P. Coffman